HOWE, Justice:
Plaintiff seeks reversal of an order of the Public Service Commission approving a transfer of “Certificate of Convenience and Necessity No. 1468” to applicant Bob Bruce Construction.
Bob Bruce Construction (applicant) is a South Dakota sole proprietorship owned by Bob Bruce, a native American. In early 1984, the applicant was awarded a subcontract by Kiewit Western Company for hauling excavation materials and asphalt at a project near the Salt Lake City airport. He was invited to bid on the project by the Utah Department of Transportation. The project was federally funded, and the Utah Department of Transportation was required to award ten percent of the subcontracts to disadvantaged business enterprises (“DBE”). Applicant was the qualifying DBE for Kiewit Western on the airport project. He was subsequently awarded a similar subcontract on a highway project near Strawberry Reservoir on which Staker Paving Company was the general contractor.
Applicant began work on the Salt Lake City airport project without obtaining hauling authority from the Public Service Commission. Upon learning that such authority was required, he made arrangements to purchase the hauling authority of Kroon Trucking, Inc. (Certificate No. 1468), and applied to the Public Service Commission to approve the transfer of that certificate to him. At the hearing, evidence was presented that both Kiewit and Staker Paving had terminated their contracts with applicant .because of his failure to meet his financial obligations. Both Kiewit and Staker had to pay some of applicant's obligations to avoid the filing of creditor liens against their respective projects. Applicant made breach of contract claims against both Kiewit and Staker. The Commission approved the transfer of the certificate, and *433 this appeal was brought by the Division of Public Utilities (plaintiff).
In its first claim of error, plaintiff contends that the Commission erred in granting a transfer of the certificate of conve-' nience and necessity to applicant without first making a specific finding that he was financially able to perform the service authorized by the certificate. The statute governing the issuance of a certificate of convenience and necessity for common carriers in intrastate commerce is U.C.A., 1953, § 54-6-5.[1] The relevant portions of that statute provide:
If the commission finds from the evidence that the public convenience and necessity require the proposed service or any part thereof it may issue the certificate as prayed for, or issue it for the partial exercise only of the privilege sought_ Before granting a certificate to a common motor carrier, the commission shall take into consideration the financial ability of the applicant to properly perform the service sought under the certificate ... and also the existing transportation facilities in the territory proposed to be served. If the commission finds that the applicant is financially unable to properly perform the service sought under the certificate ... or that the granting of the certificate applied for will be detrimental to the best interests of the people of the state of Utah, the commission shall not grant such certificate.
In deciding whether the Commission’s factual findings will sustain its transfer of the certificate, we must review those findings with the “greatest degree of deference” and affirm those findings where they are supported by evidence of “any substance whatever.” See Utah Department of Administrative Services v. Public Service Commission, 658 P.2d 601, 608-09 (Utah 1983); Harry L. Young & Sons v. Public Service Commission, 672 P.2d 728, 729 (Utah 1983); Williams v. Public Service Commission, 29 Utah 2d 9, 11, 504 P.2d 34, 36 (1972).
Plaintiff assails the Commission’s fifth finding of fact, which states:
The Division opposes the Application on grounds the Applicant is not financially fit.... Of the debts listed, totalling $328,135.00, $77,500.00 represents the disputed amounts claimed by Kiewit and Cole. An additional $100,000.00 represents long-term debt owed the Federal Small Business Administration (SBA), which is not an immediately pressing claim. At least two other claims listed are based on telephone conversations and not otherwise substantiated. Applicant disputes even the existence of a $65,-000.00 item, and the Division was unable to substantiate it. A serious criticism of Exhibit 4 is that it mixes data as of January 28, 1985, with data from six months earlier, with no attempt to correlate and update the respective items. At best we must find the Division’s evidence on financial fitness inconclusive.
We see no error in this finding which rejects plaintiff’s evidence of financial unfitness and impliedly finds fitness. The finding evidences that the Commission carefully reviewed applicant’s financial fitness, and we will not substitute our judgment for the Commission’s on the subject where the evidence was conflicting.
In its second claim of error, plaintiff contends that the Commission approved the certificate transfer because of applicant’s status as a minority. Plaintiff draws attention to the Commission’s findings which refer to applicant as a “Native American” and to the statement that he “is eligible to accept ‘set aside’ portions of federally-funded construction projects” which must be performed by minority-owned firms. This claim is without merit. The Commission’s findings in reference to applicant’s minority status were not expressing a race preference, but merely stating a federally mandated reality. In general, the federal regulation provides that if a construction *434 project is federally funded, then ten percent of the contracts awarded must be given to DBE businesses. In the Commission’s conclusions of law, it is stated: “Whether we agree or disagree with the philosophy embodied in the ‘set aside’ programs, they do exist, and Applicant is in a preferred position to obtain such work. In our estimation, that substantially enhances his chances to survive economically.” Thus, the Commission focused on applicant’s minority status only to the extent that it enhanced his employment opportunities and thereby strengthened the prospects for the success of his hauling business. This was not improper.
We find that the Commission’s findings of fact as they relate to both alleged claims of error were not outside “the tolerable limits of reason” or “so unreasonable that [they] must be deemed capricious and arbitrary.” Utah Department of Administrative Services, 658 P.2d at 612 (citations omitted).
Affirmed.
HALL, C.J., and STEWART, J., concur.

. Chapter 6 of title 54, the Motor Carrier Act, was revised in 1986, and a new replacement volume was published. The section number and language cited here was in effect at the time of the hearing and can be found in U.C.A., 1953, Replacement Volume 6A (1974).